IN RE BURGWYN.

(Filed October 6, 1903.)

INTOXICATING LIQUORS — *Licenses—Statutes—Acts 1874-'75, ch. 255—Acts 1883, ch. 146—Acts 1900, ch. 17—Acts 1901, ch. 9— Acts 1903, ch. 233.*

> Acts 1900, ch. 17, authorizing judges of the superior court to grant license to sell intoxicating liquors in a certain county, is repealed by acts 1901, ch. 9, sec. 76, giving exclusive right to grant license to the county commissioners.

APPLICATION by George P. Burgwyn for license to sell intoxicating liquors, heard by Judge *M. H. Justice* at August Term, 1903, of the Superior Court of NORTHAMPTON County. From a judgment refusing to grant the application the petitioner appealed.

*Peebles & Harris* and *Day & Bell,* for the applicant.
*Gay & Midyette, F. D. Winston, F. H. Busbee & Son* and *S. J. Calvert,* in opposition.

MONTGOMERY, J.   Under the provisions of chapter 255 of the Acts of the General Assembly of 1874-'75 a prohibition of the sale of intoxicating liquor by the measure less than a quart was effected in Northampton County. At its session of 1883 the General Assembly enacted a law entitled "An act to regulate the sale of liquor in Northampton County." The limitations and conditions imposed by that statute upon the applicant to sell spirituous or malt liquors, wines or cordials in quantities less than a quart before a license therefor should be granted by the County Commissioners were different from those imposed by the general laws of the State on that subject, and they were also more numerous and stringent. The regulations concerning the sale of liquor after the license

might be obtained, as set out in the last-mentioned act, were
in many respects the same as were prescribed in the general
law.   It was provided also in the last-mentioned act that all
laws regulating or prohibiting the sale of liquor, in so far as
they applied to the county of Northampton, were repealed.
At its adjourned session of 1900 the Legislature enacted into
law a bill entitled "An act to regulate the issuing of liquor
license in Northampton County." Under that act jurisdic-
tion and power to grant license were taken from the Board
of County Commissioners and conferred exclusively upon the
Judges of the Superior Courts while holding the courts for
that county (an honor which we feel sure was not sought by
any of the Judges).

At the August Term, 1903, of the Superior Court of
Northampton County George P. Burgwyn made application
for license to retail spirituous and malt liquors, wines and
cordials in quantities less than a quart at his place of business,
not in an incorporated town, in Northampton County, under
the provisions of the two last above-mentioned acts.   Upon
the hearing of the petition his Honor was of the opinion that
the Act of 1903, chapter 233, was applicable to Northampton
County and repealed the Acts of 1883 and 1900, and that he
had no power in law to grant the license.   His Honor declined
to hear the evidence and pass upon the application, upon the
ground that he had no power in the matter.   We concur with
his Honor upon the disposition he made of the petition, but
not for the reason assigned by him.

We are of the opinion that by chapter 9, section 76, of the
Public Laws of 1901, the jurisdiction and power to grant
license to retail spirituous and malt liquors in Northampton
County were taken from the Judges of the Superior Courts
(as we think, most properly) and given to the Board of
County Commissioners.

Many changes, for the better, in reference to the manner in

which liquor license may be procured were made by section 76, chapter 9 of the Laws of 1901. Amongst them are provisions to the effect that every person, company or firm wishing to sell liquor by the retail is required, first, to advertise his intention of making such application by publishing a notice of such intention for thirty days next preceding the day on which the application shall be presented to the *Board of County Commissioners,* and proof of such publication, or posting at the court-house door in case there is no newspaper in the county, shall be proved to the satisfaction of the board before they shall consider the application. Any one who may consider himself aggrieved should the license be granted may contest the same before the commissioners. Every such application for a license to sell liquor shall be in writing, signed by the applicant and accompanied by the affidavit of six freeholders who are tax-payers and residents of the township in which the applicant proposes to do business, all of whom shall declare, upon oath, that the applicant is a proper person to sell spirituous, vinous or malt liquors, etc. Upon the filing of such application and affidavit the Board of County Commissioners may grant an order to the Sheriff to issue such license, *except in territory where the sale of liquor is prohibited by law.* There are other changes, but they need not be mentioned.

So it is seen that the law as written in chapter 9, section 76, of the Acts of 1901, applies to every person, company or firm in the State who may wish to sell liquors, and extends over every county, city, town and township in the State, except territory where the sale of liquor is prohibited by law. The sale of liquor is not prohibited by law in Northampton County, and if it had been intended that Northampton County should be excluded from the provisions of section 76 of chapter 9 of the Laws of 1901, the exception would have been named under the head of territory where the sale of liquor was regulated by special or local statute.

It is required, too, that the application be made to the *Board of Commissioners* of the counties, and that the license must be issued by them, when issued. The statutes of 1883 and 1900 conflict with section 76 of chapter 9 of the Acts of 1901 in the respects above pointed out, and the latter statute therefore repeals the former in the points of conflict.

It does not become necessary to discuss the question whether chapter 233 of the Laws of 1903 applies to the sale in Northampton County.

Affirmed.

Douglas and Walker, JJ., concur in result.